SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 14 2009
J. T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF MANSFIELD INDUSTRIAL, INC., | )<br>)<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 1:09cv672HSO-JMR |
| v. | )<br>) |
| WESTERN SURETY COMPANY, | )<br>) |
| Defendant. | ) |

## INTRODUCTION

This is an action pursuant to the provisions of 40 U.S.C. § 3133, known as the Miller Act, whereby a subcontractor to a general contractor on a construction project for an agency of the United States seeks payment of an amount of $52,892.91 for work performed for which the defendant was the surety.

## PARTIES

1.  The plaintiff is the United States of America for the use and benefit of Mansfield Industrial, Inc. ("Mansfield"). Mansfield is a Delaware corporation with a principal place of business located at 1325 West Detroit Blvd., Pensacola, Florida 32534. Mansfield is engaged in construction services throughout the United States.

2.  The defendant, Western Surety Company (the "Surety"), is a South Dakota corporation authorized to do business and doing business within the State of Mississippi. Western Surety Company may be served with service of process upon their registered agent, CT Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

20484 v1

## JURISDICTION AND VENUE

3.   This action arises under the laws of the United States, 40 U.S.C. § 3133, and this Court has subject matter jurisdiction over this action under that statute.

4.   Venue is proper before this court pursuant to 40 U.S.C. § 3133(b)(3).

## FACTUAL BACKGROUND

5.   In 2007, D.K. Haney Roofing, Inc. ("Haney") entered into a Contract with the United States acting by and through the United States Navy for a project known as Building #366 (the "Project") at the Navy SeeBee Center in Gulfport, Mississippi.

6.   As required by statute, Haney furnished a payment bond (the "Bond") to the United States. The Bond designated Haney as the Principal and Western Surety Company as the Surety. (A true and correct copy of the Bond is attached hereto as Exhibit "A"). Pursuant to the Bond, the Surety is obligated to pay Mansfield all amounts it is due from Haney on the Project.

7.   Pursuant to a contract dated January 30, 2008, and amended June 3, 2008, Mansfield subsequently entered into a subcontract (the "Subcontract") with Haney to perform certain work roofing work on the Project. The amended contract price was $191,000. (A true and correct copy of the Subcontract is attached hereto as Exhibit "B").

8.   Mansfield subsequently furnished all labor required by the Subcontract.

9.   The total amount of labor furnished by Mansfield to the Project was $162,750. Despite Mansfield completing all work on the Project, Mansfield is still owed the balance of $52,889.91.

10.   Despite due demand, and numerous promises to pay, Haney has refused to pay the remaining balances owed to Mansfield in accordance with the terms of the Contract, 31 U.S.C. § 3905 and MISS. CODE ANN. § 31-5-27.

11. Mansfield has complied with all conditions precedent with respect to the maintenance of this claim against the Surety.

## COUNT 1

12. Mansfield hereby repeats paragraph 1-11 as set forth as if fully set forth herein.

13. Mansfield completed all work under the Subcontract.

14. The fair value of all work which was performed by Mansfield is $162,750.

15. Haney breached the Subcontract by failing to pay Mansfield the amount of $52,889.91, plus interest on payments not made on time, which constitutes the fair value of the work performed by Mansfield which Haney has refused to pay.

16. Per the express terms of the Bond, the Surety is obligated to pay Mansfield the amount of $52,889.91, plus interest and attorneys' fees on payments not made in accordance with the provisions of 31 U.S.C. § 3905 and MISS. CODE ANN. § 31-5-27.

17. Mansfield has complied with all conditions precedent with respect to the maintenance of this claim against the Surety.

WHEREFORE, Mansfield demands judgment against defendant, Western Surety Company, for $52,889.91, plus interest, attorneys' fees and costs.

Respectfully submitted, this the 11th day of September, 2009.

          MANSFIELD INDUSTRIAL, INC.

          By its Attorneys,

          Cheri T. Gatlin (MS Bar #10323)
          John M. Lassiter (MS Bar #102235)

**OF COUNSEL:**

BURR & FORMAN LLP
401 E. Capitol Street, Suite 100
Jackson, Mississippi 39201

Telephone: (601) 355-3434
Facsimile: (601)355-5150